UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
: 
**PALANI KARUPAIYAN**, :
: 
                Plaintiff, :
: **MEMORANDUM AND ORDER**
    – against – : 23-CV-5424 (AMD) (LB)
:
:
**STATE OF NEW YORK**, **NEW YORK CITY :
OF NY**, **NEW YORK CITY POLICE DEPT.**
**(NYPD)**, **JOHN DOES-POLICE OFFICERS OF** :
**NYPD**, **FREDERICK DSOUZA**, **PRAVIN**
**PANDEY**, **RAJA RANDEY**, and **ADAR** :
**MANAGEMENT CORP.**, :
                Defendants. :
:
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

The plaintiff, proceeding *pro se*, brings this action under the Fourth and Fourteenth Amendments, 42 U.S.C. §§ 1981 and 1983, the Fair Housing Act, the Americans with Disabilities Act, and related state and federal laws. The plaintiff alleges several claims that arise out of housing disputes and his arrest. On July 26, 2023, the Court granted the plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons that follow, the plaintiff's complaint is dismissed, but the plaintiff may amend his complaint within thirty days of this Order.

### BACKGROUND

The plaintiff brings this case against the State of New York, the City of New York, the New York City Police Department ("NYPD"), John Doe NYPD officers, Frederick Dsouza, a private individual who allegedly squatted in the plaintiff's apartment, Pravin and Raja Pandey, co-leaseholders of the apartment, and Adar Management Corp., the apartment's owner. The

plaintiff alleges that he and Pravin Pandey shared an apartment in Brooklyn. (ECF No. 1 ¶ 28.) The plaintiff lived in the bedroom, and Pandey lived in the living room. (*Id.*) Pandey also allowed Frederick Dsouza to squat in the living room. (*Id.*) According to the plaintiff, Dsouza repeatedly verbally abused him and physically assaulted him at least once because of his ethnicity. (*Id.* ¶¶ 42, 45.) Pandey was allegedly aware of the situation, and he also shouted racial slurs at the plaintiff. (*Id.* ¶¶ 56, 93.) After one particularly heated interaction, Dsouza called the police and had the plaintiff arrested. (*Id.* ¶¶ 58–64, 91.) The arresting officer (and possibly other officers at the precinct) similarly discriminated against the plaintiff: they held him on false charges and refused to give him diabetes medicine. (*Id.* ¶¶ 62–73.)

The plaintiff describes several other rental disputes. For example, the plaintiff claims that Pravin Pandey, who only eats vegetarian food because of his religion, would not allow the plaintiff to cook eggs or other non-vegetarian food, even though the plaintiff needed to eat non-vegetarian food because of his diabetes. (*Id.* ¶¶ 92–94.) The plaintiff also alleges that Pandey and Adar Management forced him to sleep on a bug-infested mattress and refused his requests to hire a pest control service to treat the apartment. (*Id.* ¶¶ 83–89.) Finally, the plaintiff alleges that he had no money for rent because he had to file multiple lawsuits against the defendants, and that Pandey unlawfully evicted him. (*Id.* ¶¶ 95, 96, 99.) Moreover, Pandey refused to let him back into the apartment to pick up his personal belongings, including a debit card, a digital camera and medication. (*Id.* ¶¶ 101, 106–09.)

The plaintiff requests injunctive relief and monetary damages. He also asks the Court to put some of the defendants in prison and "to restructure the NY State courts into 3-tier which is similar to federal courts structure/hierarchy." (*Id.* at 24–25.)

**STANDARD OF REVIEW**

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8.

Because the plaintiff is proceeding *pro se*, I construe his complaint liberally and evaluate it by "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), to raise "the strongest arguments" that it suggests, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (cleaned up). Nevertheless, a district court may *sua sponte* dismiss an *in forma pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss any claims over which it lacks subject matter jurisdiction. *See Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press").

## DISCUSSION

### I. Claims Against the State of New York

State governments are immune from suits in federal court under the Eleventh Amendment to the U.S. Constitution "unless they have waived their . . . immunity, or unless Congress has abrogated" that immunity. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "It is settled law, however, that Congress did not abrogate state sovereign immunity by enacting Section 1983." *Rivera v. Evans*, No. 13-CV-6341, 2014 WL 4695803, at *10 n.3 (S.D.N.Y. Sept. 3, 2014) (citing *Quern v. Jordan,* 440 U.S. 332, 340–42 (1979)). "Nor has New York State waived its immunity with respect to Section 1983 claims" or any other claims the plaintiff alleges. *Id.* (citing *Trotman v. Palisades Interstate Park Comm'n,* 557 F.2d 35, 38–40 (2d Cir. 1977)). Therefore, the plaintiff's claims against New York State are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The dismissal is with prejudice, which means that the plaintiff may not re-file claims against New York State arising out of this incident.

### II. Claims Against the NYPD

The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter ch. 17 § 396. Because the NYPD is an agency of the City of New York, it is not a suable entity. *See Johnson v. Dobry*, 660 F. App'x 69, 72 (2d Cir. 2016) (citing N.Y.C. Charter ch. 17 § 396); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Accordingly, all claims against the NYPD are also dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Claims Against Raja Pandey and Adar Management

The plaintiff makes no allegations against Raja Pandey and only mentions Adar Management once, alleging that it refused to contact pest control services. To state a claim in

federal court, a plaintiff must explain how each defendant caused him harm; he may not simply "group" defendants together. *Amiron Dev. Corp. v. Sytner*, No. 12-CV-3036, 2013 WL 1332725, at *5 (E.D.N.Y. Mar. 29, 2013). Accordingly, all claims against Raja Pandey and Adar Management are dismissed without prejudice. That means that the plaintiff may amend his complaint to include specific facts about what these defendants did wrong.

## IV.   Claims Against New York City, NYPD Officers, Frederick Dsouza and Pravin Pandey

### A. False Arrest and False Imprisonment

Federal courts look to state law when considering § 1983 claims for false arrest and false imprisonment. *See Guan v. City of New York*, 37 F.4th 797, 804 (2d Cir. 2022). Because New York does not distinguish between claims for false arrest and false imprisonment, I treat these as one claim. *See Liranzo v. United States*, 690 F.3d 78, 91 n.13 (2d Cir. 2012).

Section 1983 claims for false arrest are subject to a three-year statute of limitations. *Livingston v. Mejia*, No. 20-CV-2009, 2022 WL 976808, at *4 (S.D.N.Y. Mar. 31, 2022) (citation omitted). Because the plaintiff does not state the date of his arrest, I cannot determine whether his claim is timely. This claim is therefore dismissed without prejudice. If the plaintiff wishes to amend this claim, he must establish that he was arrested within the last three years. If the plaintiff was arrested earlier than that, he can ask the Court to toll the statute of limitations. However, the Court may only toll the statute of limitations in "rare and exceptional circumstances," if a plaintiff can demonstrate that he was prevented from filing timely and "acted with reasonable diligence throughout the period he [seeks] to toll." *Jones v. City of New York*, 846 F. App'x 22, 24 (2d Cir. 2021) (quoting *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)).

Moreover, § 1983 only applies to persons "acting under color of state law." *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). That means § 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)). I thus interpret the plaintiff to bring false arrest claims only against individual police officers and the City of New York.[1] To the extent the plaintiff also wishes to hold Frederick Dsouza and Pravin Pandey—or any other private defendant—liable for false arrest, he must show that they were acting under the color of law. "[M]erely filing a complaint with the police, reporting a crime, requesting criminal investigation of a person, or seeking a restraining order, even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation." *Vazquez v. Combs*, No. 04-CV-4189, 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004). Rather, the private actor must take "a more active role" and jointly engage in action with the police officers. *Carrillos v. Inc. Vill. of Hempstead*, 87 F. Supp. 3d 357, 371 (E.D.N.Y. 2015). Accordingly, if the plaintiff wishes to hold the private defendants liable, he must amend his complaint to demonstrate that they can be considered state actors.

B. **Malicious Prosecution Claim**

In order to prove a 42 U.S.C. § 1983 claim for malicious prosecution, a plaintiff must prove "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination

---

[1] To state a claim against the City of New York under federal law, the plaintiff must demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). Under New York law, however, "municipalities can be liable for the actions of police officers on false arrest claims under a theory of *respondeat superior*" or vicarious liability. *Triolo v. Nassau Cnty.*, 24 F.4th 98, 110–11 (2d Cir. 2022) (collecting cases).

6

of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendant's actions." *Dettelis v. Sharbaugh*, 919 F.3d 161, 163–64 (2d Cir. 2019). The plaintiff does not provide sufficient facts about his arrest—for example, what reason police officers gave for arresting him or whether the proceedings terminated in his favor. His claim for malicious prosecution is thus dismissed without prejudice; the plaintiff may amend his allegations to state additional facts to satisfy all four prongs of the *Dettelis* test.

Moreover, there is also a three-year statute of limitations for § 1983 malicious prosecution claims, which begins to run when the prosecution terminates in the plaintiff's favor. *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995); *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017). If the prosecution terminated in the plaintiff's favor, he must allege when that happened.

### C. Obstruction of Justice

The plaintiff brings claims against some of the defendants for obstruction of justice. However, there is no private right of action for violations of the criminal statutes concerning obstruction of justice, 18 U.S.C. §§ 1501 *et seq*. That means that a private individual like the plaintiff may not invoke these provisions to obtain damages; they "may be enforced only by the Department of Justice." *Langella v. United States*, 01-CV-11583, 2002 WL 1218524 at *4 (S.D.N.Y. June 5, 2002), *aff'd*, 67 F. App'x 659 (2d Cir. 2003) (summary order). The plaintiff's claims for obstruction of justice are thus dismissed with prejudice.

### D. The Federal Fair Housing Act

The Federal Fair Housing Act "broadly prohibits discrimination in housing." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Section 3604(a) prohibits person from "refus[ing] to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person

7

because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Section 3604(b) forbids discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities" for any of those same reasons. *Id.* § 3604(b). And Section 3604(f), which was added in the Fair Housing Amendments Act of 1988, proscribes discrimination "in the sale or rental, or . . . otherwise make unavailable or deny, a dwelling to any buyer or renter because of" a disability. *Id.* § 3604(f)(1), (2).

The plaintiff claims that Pravin Pandey discriminated against him when he prevented him from cooking eggs and other non-vegetarian meals, which the plaintiff needed to help manage his diabetes. First, the plaintiff must state under which section(s) he wishes to proceed. That is, he must clarify whether he makes a claim based on his ethnicity or based on his disability.

Second, the plaintiff must allege sufficient facts to "permit the conclusion that the complained-of conduct occurred because of discriminatory animus." *Logan v. Matveevskii*, 175 F. Supp. 3d 209, 226 (S.D.N.Y. 2016) (citation omitted). On the facts currently pleaded, it appears just as likely that the defendant prohibited the plaintiff from cooking non-vegetarian meals because of the defendant's own religion and not because he intended to discriminate against the plaintiff. While the plaintiff claims that the defendant "allowed other people to cook/eat non-veg food in the apartment" (ECF No. 1 ¶ 94), that allegation is too vague and requires more detail.

Finally, if the plaintiff wishes to proceed under § 3604(a) or (f), he must establish that the defendant made the apartment "effectively unavailable to him." *Gilead Cmty. Servs., Inc. v. Town of Cromwell*, 432 F. Supp. 3d 46, 72 (D. Conn. 2019) (citation omitted). Without additional facts, it is not clear that being unable to cook certain food satisfies this standard. The plaintiff's Fair Housing Act claims are accordingly dismissed without prejudice.

8

### E. Americans with Disabilities Act

The Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*, prohibits discrimination by public entities based on disability. *Quad Enterprises Co., LLC v. Town of Southold*, 369 F. App'x 202, 205 (2d Cir. 2010). To the extent the plaintiff wishes to hold private defendants like Pravin Pandey liable, his claims must be dismissed with prejudice.

### F. Section 1981 Claims

Section 1981 protects the equal right of "'all persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474–75 (2006) (cleaned up) (quoting 42 U.S.C. § 1981(a)). "The statute currently defines 'make and enforce contracts' to 'include the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Id.* (cleaned up) (quoting § 1981(b)). To allege a § 1981 claim, a plaintiff must therefore establish that he had a contractual relationship with a defendant. The plaintiff does not allege which defendant—Pravin Pandey, Raja Pandey or Adar Management—leased him the room, so his § 1981 claim is dismissed without prejudice.

### G. Other Landlord-Tenant Claims

"[F]ederal courts, unlike state courts, have no jurisdiction over landlord-tenant matters." *Cain v. Rambert*, No. 13-CV-5807, 2014 WL 2440596, at *3 (E.D.N.Y. May 30, 2014) (collecting cases); *see also Bey v. Jones*, No. 19-CV-2577, 2019 WL 2028703, at *2 (E.D.N.Y May 8, 2019). Therefore, all of the plaintiff's landlord-tenant claims besides the allegations under the Fair Housing Act and § 1981 are dismissed with prejudice under Federal Rule of Civil Procedure 12(h)(3).

## V. Claims About Restructuring New York's Judicial System

This Court has no jurisdiction over how New York structures its courts or elects its judges. The plaintiff's claims related to this issue are dismissed with prejudice.

## LEAVE TO AMEND

The Court will allow the plaintiff thirty days to amend his complaint. The plaintiff may not re-allege any claims that are dismissed with prejudice. Additionally, he may only re-plead claims that are dismissed without prejudice if he can cure the deficiencies discussed in this Order. The plaintiff must provide all the relevant dates and facts identified above. He must also explain separately how each defendant harmed him. However, if the plaintiff does not know the names of individual police officers, he may identify them as John or Jane Doe and provide descriptive information about the officers and their place of employment. For example: Police Officer John Doe of the [Number] Precinct.

The amended complaint must be captioned as "Amended Complaint" and bear the docket number assigned to this case: 23-CV-5424 (AMD) (LB). The amended complaint will completely replace the original complaint, so the plaintiff must include all the allegations in the amended complaint.

The plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, limited-scope legal assistance.

## CONCLUSION

The plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). The plaintiff may amend his complaint within thirty days of this Order as discussed above. No summons will issue at this time. If the plaintiff does not file an amended complaint within thirty days or does not cure the deficiencies discussed above, this action will be dismissed with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                           s/Ann M. Donnelly
                                                   _____
                                                   ANN M. DONNELLY
                                                   United States District Judge

Dated: Brooklyn, New York
         September 8, 2023